**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4548**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHAN RAMIREZ-RODRIGUEZ, a/k/a Johan Ernest Rodriguez-Ramirez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Senior District Judge. (7:20-cr-00070-BR-1)

Submitted: April 29, 2021                           Decided: June 2, 2021

Before GREGORY, Chief Judge, WILKINSON, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. Parrott, Jr., PARROTT LAW, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johan Ramirez-Rodriguez pleaded guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), and received an above Sentencing Guidelines sentence of 24 months' imprisonment. On appeal, Ramirez-Rodriguez argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "To determine whether a sentence is procedurally reasonable, [we] consider[] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).

Ramirez-Rodriguez argues that his sentence is procedurally unreasonable because the district court failed to consider each of his arguments in mitigation and explain its rejection of those arguments. "When a defendant presents non-frivolous reasons for imposing a different sentence, the district court must address or consider them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). "[W]hile it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Torres-Reyes*, 952

F.3d at 151 (internal quotation marks omitted).  However, we may "infer consideration of [a defendant's] relevant personal characteristics under § 3553(a)" when the district court tailors the sentence to "address individual characteristics."  *United States v. Nance*, 957 F.3d 204, 213 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020).  After reviewing the record, we conclude that the district court adequately considered and explained its rejection of Ramirez-Rodriguez's mitigating arguments and that his sentence is procedurally reasonable.

If we find no significant procedural error in a defendant's sentence, we "then consider[] the substantive reasonableness of the sentence imposed."  *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020).  We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *Id.* at 176 (internal quotation marks omitted).  "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."  *Nance*, 957 F.3d at 215 (internal quotation marks omitted).  "A major departure should be supported by a more significant justification than a minor one," *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019), and "the farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be," *id.* at 220 (brackets and internal quotation marks omitted).  However, we still "must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole,

justify the extent of the variance." *Id.* at 217 (brackets and internal quotation marks omitted).

Our review of the record leads us to conclude that Ramirez-Rodriguez's sentence is substantively reasonable. Although the district court relied heavily on the need for the sentence imposed to promote deterrence, it did not give "excessive weight" to that factor. *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014) (internal quotation marks omitted). Furthermore, "[e]ven if [Ramirez-Rodriguez's] sentence is more severe than average, that fact does not mean that it was unwarranted." *United States v. Rivera-Santana*, 668 F.3d 95, 106 (4th Cir. 2012). Ramirez-Rodriguez has repeatedly illegally reentered the United States after having been removed, and that pattern of illegal conduct was entirely unrepresented in his advisory Guidelines range. The district court reasonably could conclude that the sentence imposed here was necessary to deter Ramirez-Rodriguez from illegally reentering the country again. Thus, affording the district court's sentencing determination the requisite deference, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we conclude that its decision to vary upward from a 0 to 6-month Guidelines range sentence to a 24-month sentence was not unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*